IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK N. LANGAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DETAINING DEFENDANT<br><br><br>Case No. 2:18-CR-41 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Detention of Magistrate's Detention Order. For the reasons discussed below, the Court orders Defendant be detained pending trial.

## I. BACKGROUND

Defendant is charged in an Indictment with three different charges, all related to the same incident.[1] Defendant was arrested on April 8, 2019, for attempted Hobbs Act robbery,[2] the use and carry of a firearm during and in relation to a crime of violence,[3] and for possession of a firearm by a convicted felon.[4]

Defendant appeared before Magistrate Judge Pead for a detention hearing on May 6, 2019. The Government presented evidence supporting Defendant's detention, and Defendant argued for

---

[1] Docket No. 1.
[2] 18 U.S.C. § 1951(a).
[3] *Id.* § 924(c).
[4] *Id.* § 922(g)(1).

release pending trial. Magistrate Judge Pead concluded the hearing by ordering Defendant be detained. Defendant has now filed the instant Motion seeking review of the detention order.

## II. STANDARD OF REVIEW

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[5] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[6]

In making its determination on a detention issue, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[7]

In certain cases, however, the presumption of pretrial release shifts. Section 3142(e)(3)(B) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

---

[5] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[6] *Lutz*, 207 F. Supp. 2d at 1251.

[7] 18 U.S.C. § 3142(b), (c), (e).

safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense under section 924(c) . . . ."[8]

In this case, Defendant is charged with an offense under 18 U.S.C. § 924(c). The Indictment is sufficient to provide probable cause to support a belief that Defendant committed an offense under 924(c).[9] Hence, a "rebuttable presumption arises that no condition or combination of conditions will assure that [Defendant] will not pose a danger to the safety of any other person or the community."[10] Detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[11]

As stated, the burden of persuasion remains with the Government. The Government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[12] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a firearm. . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—

---

[8] *Id.* § 3142(e)(3)(B).

[9] *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) ("[T]he grand jury indictment of defendant was sufficient to establish a finding of probable cause . . . .")

[10] *Id.*

[11] *Id.* at 1354–55.

[12] *Cisneros*, 328 F.3d at 616.

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[13]

These factors, as applicable to this case, are discussed below.

## III. DISCUSSION

### A. *Nature and Circumstances of the Offense*

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a firearm. Here, Defendant is charged with three offenses relating to the use of a firearm. On November 30, 2017, Defendant allegedly entered a smoke shop, Smoker Friendly, and ordered an employee to give him money. Defendant pulled a firearm from his pocket, pulled the slide back, and pointed the gun at the employee. The employee ran to the back of the store and called the police while Defendant tried unsuccessfully to open the cash register. Failing, he left the shop.

Defendant was later arrested by U.S. Marshals in a hotel casino in Wendover, Nevada. When cleaning out Defendant's room, a gun, coat, and knit cap were found. The clothing and firearm allegedly matched those that Defendant was wearing on the day of the attempted robbery of Smoke Friendly, as seen in footage from surveillance cameras. The recovered gun is allegedly the same weapon seen in pictures from Defendant's Facebook page.

---

[13] 18 U.S.C. § 3142(g).

4

Defendant allegedly used a firearm he was prohibited from possessing to threaten an employee into giving him money from a cash register. Therefore, this factor weighs in favor of detention.

B. *Weight of the Evidence*

Second, the Court considers the weight of the evidence. For many of the same reasons provided above, this factor weighs in favor of detention. The Indictment provides probable cause that Defendant committed the charged offenses. When Defendant was arrested and his hotel room was cleaned, the clothing and weapon found in his hotel room matched the items seen in surveillance footage of the incident. Also, the same gun is alleged to be seen on Defendant's Facebook account. Therefore, the evidence above weighs towards detention.

C. *History and Characteristics of Defendant*

Third, the Court considers the history and characteristics of the person. To his credit, Defendant is reported to be married with two children and also cares for his wife's sister. His residence is in Iowa. Defendant was employed in Iowa, beginning in December of 2018, at a company called Southshore Companies – Pioneer Distribution Warehouse. He appears to have been employed until his arrest in April 2019. If he were to be released, Southshore has expressed that they would hire him back. Defendant has work experience in heating and cooling and forklift operation. It appears that through Defendant's employment and his wife's employment they are sufficiently financially stable to meet monthly expenses and provide for their children.

Defendant has no ties to Utah. Although his residence is in Iowa, Defendant proffered that his mother would pay for the cost for him to return to Utah, if he were released, to attend court proceedings.

Additionally, Defendant has completed substance abuse programs such as the CATS prison treatment program through Odyssey House of Utah, and the LDS Addiction Recovery Program while at the Salt Lake County Oxbow Jail. Defendant has also completed a parenting class, and has been baptized into a Living Word congregation. Further, his pastor from that congregation wrote in a letter dated April 20, 2019, explaining that Defendant and his family attended regularly and that while Defendant was there, he was working towards making changes and amends for his past behavior. Defendant also produced an email from his wife indicating that he is a changed man and is making daily improvements. Another letter from a coordinator from an ATLaS rentry program in Iowa also indicates that Defendant has regularly attended the meetings with the reentry program as well as Alcoholics Anonymous classes, and that Defendant has made some changes while he has been participating in the program. A letter from his prior employer, Southshore, indicates that Defendant is a hard worker and dutifully reliable.

Defendant's criminal history is somewhat extensive. In 2009, Defendant was charged with grand theft from a person, and robbery in California. The robbery charge was dropped, and Defendant served ninety days in jail and had thirty-six months of probation. In 2010, Defendant served thirty days in jail and three years of probation for violation of a promise to appear charge out of Arizona. In 2011, Defendant was charged in California with burglary, and served eight months in prison. After violating parole, Defendant served another two years in prison. In 2014, Defendant was considered an out of state fugitive, as reported by law enforcement from New Mexico. In 2017, Defendant was charged with a class A misdemeanor arising from a theft charge in American Fork, Utah, and a 365-day jail sentence was suspended and Defendant was given twenty-four months of probation.

Notably, the day before the incident in the current case, November 29, 2017, Defendant was seen taking packages from a porch in a neighborhood. When a witness attempted to follow Defendant's car, Defendant pointed his gun out of the car window and shot at the witness. Defendant was subsequently charged in West Jordan, Utah, with discharge of firearm, possession of a firearm by a restricted person, and mail theft. The first and third charges were dismissed as part of a plea agreement, but on the second count, Defendant was slated to serve 270 days in jail, with thirty-six months of probation time to follow. As per a condition that he complete the CATS program, Defendant was released before the 270 days had run. It is unclear how much time passed between Defendant's release after his completion of the CATS program on June 22, 2018, and his relocation to Iowa, although there is evidence to support that he was in Iowa in December of 2018 as that was when his employment with Southshore began. Defendant provided some evidence to support that his move to Iowa was approved by the Utah probation office and that his probation was successfully transferred to Iowa. However, only three or four months after Defendant's employment began, he was arrested for the current charges.

Also on November 29, 2017, Defendant was charged in Provo, Utah, with possession of drug paraphernalia, for which he was fined after pleading guilty, and a warrant remains active because he failed to pay the fine in that case. However, Defendant proffered that following his release from jail after his completion of the CATS program, he immediately resolved the paraphernalia case in Utah County. Finally, in December of 2017, it was reported by law enforcement from Elko, Nevada that Defendant was a fugitive felon from another state.

Defendant's criminal history demonstrates unlawful and dangerous conduct that poses a risk to the community if he were to be released. Further, there is some question as to whether he

would appear to court proceedings in Utah if released to return to Iowa. Therefore, this factor weighs in favor of detention.

D. *Nature and Seriousness of the Danger to Any Person or the Community if Released*

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. As discussed above, Defendant has a history of robbery, burglary, theft, and shooting at others. This behavior, in addition to Defendant's alleged actions in the Smoke Friendly shop, poses a significant threat to the community. It appears that Defendant has support from his family and prior employment, and could possibly be successful and productive if released, but his fugitive status in other states and his resort to using a firearm are factors that cause concern. While Defendant has presented evidence to suggest that he is attempting to change his behaviors and mindset, the evidence does not outweigh the risks of flight and danger to the community he poses if released.

IV. CONCLUSION

Although Defendant has presented evidence to rebut the presumption of detention, the presumption coupled with the weight of the evidence under the § 3142(g) factors favors detention. For the foregoing reasons, the Court orders Defendant be detained pending trial.

DATED this 15th day of May, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge